UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**THEODORE LUJAN**,

    Petitioner,

v.                                  **CIVIL NO. 05-959 JH/DJS**

**JAMES JANECKA, Warden**,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C.§ 2254. Petitioner seeks to vacate the judgment and sentence entered in No. CR-2003-20 in the Fourth Judicial District, Mora County, New Mexico. In that proceeding, Petitioner was convicted, pursuant to a Alford[2] plea, of one count of Trafficking in a Controlled Substance, one count of Conspiracy, and two counts of Tampering With Evidence. Pursuant to those convictions, Petitioner was sentenced to a term of incarceration of ten and one-half years, to be followed by two years parole.

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

[2] An "Alford " plea, named after the Supreme Court's decision in North Carolina v. Alford, is a plea denominated as a guilty plea but accompanied by protestations of innocence. North Carolina v. Alford, 400 U.S. 25, 37 (1970).

2. Petitioner challenges his convictions on the basis of the sufficiency of the evidence to support the charges against him. He contends that there were no drugs in his possession and no record of his sale of drugs. He further asserts that his convictions for tampering with evidence were based upon hearsay.

3. 28 U.S.C. §2254 (b) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal habeas proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent concedes that Petitioner has exhausted his claims in state court.

4. A guilty plea admits all elements of the charge and waives all non-jurisdictional defects. United States v. Riles, 928 F.2d 339 (10th Cir. 1991). The Court is cognizant that an Alford plea is one in which a defendant may maintain his innocence while agreeing to forego his right to a trial. Alford, 400 U.S. at 37("An individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."). "However, for such a plea to be valid, it must be based on the defendant's intelligent conclusion that 'the record before the judge contains strong evidence of actual guilt.'" United States v. Maez, 915 F.2d 1466, 1467 (10th Cir.1990) (quoting Alford, 400 U.S. at 37), see also United States v. Mackins, 218 F.3d 263, 268 (3d Cir. 2000) (noting that "there must always exist some factual basis for a conclusion of guilt before a court can accept an Alford plea; indeed, a factual basis for such a conclusion is an essential part of an Alford plea") (internal quotation marks omitted). Seven counts of the eleven contained in the indictment against Petitioner were dismissed. Answer, Exhibit B, p. 2. Having gained the benefit of the plea, Petitioner now seeks to challenge the sufficiency of the evidence which he previously essentially admitted could result in his conviction.

5. Nonetheless, a plea of guilty and the ensuing conviction comprehends all of the factual and legal elements to support a binding judgment of guilt. United States v. Broce, 488 U.S. 563 (1989). When a judgment of conviction on a plea of guilty becomes final, additional inquiry is confined to whether the underlying plea was counseled and voluntary. Id. at 569. Consequently, Petitioner's requests for relief are limited to the extent that the allegations affect those questions. See Cortese v. Black, 838 F.Supp. 485, 491 (D.Colo.1993) ("[C]ourts treat Alford pleas as having the same preclusive effect as a guilty plea."), aff'd, No. 95-1429, 1996 WL 346618 (10th Cir. June 2, 1996). Petitioner cannot at this time challenge the sufficiency of the evidence to support the charges to which he pled guilty, even by the mechanism of an Alford plea.

**RECOMMENDED DISPOSITION**

That the petition be denied and this matter dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**